HASTINGS MUTUAL INSURANCE COMPANY v LAMBERT

1. ACTION—CONSOLIDATION—JOINDER—SEPARATE CLAIMS—COURT
   RULES.
   Consolidation rather than joinder is the proper means of combin-
   ing two actions where there is a residence fire followed by
   claims for fire damage by a subrogee fire insurance company of
   the homeowner and for wrongful death by a child's parents
   against the defendant builders, because each is a separate
   claim.

2. ACTION—JUDGMENT—RES JUDICATA—SEPARATE CLAIMS—NEGLI-
   GENCE—SUBSEQUENT ACTIONS.
   Res judicata does not apply and a defendant home builder is not
   collaterally estopped from defending against a subrogation
   claim based upon negligence, where one action arose from an
   alleged wrongful death in a house fire resulting in judgment for
   defendants and the second, a suit for fire damage by an insur-
   ance company subrogee of the homeowner, because both are
   separate claims; a judgment for one plaintiff in an action
   growing out of an accident is not res judicata or conclusive as
   to issues of negligence or contributory negligence in a subse-
   quent action growing out of the same accident which is brought
   by a different plaintiff against the same defendant.

Appeal from Manistee, Charles A. Wickens, J.
Submitted December 8, 1976, at Grand Rapids.
(Docket No. 28464.) Decided January 6, 1977.

Complaint by Hastings Mutual Insurance Com-
pany, subrogee of Richard A. Hawkins and Linda
J. Hawkins, against Floyd Lambert and Betty
Lambert for recovery of insurance losses from a

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 1 Am Jur 2d, Actions § 156 *et seq.*
[2] 46 Am Jur 2d, Judgments §§ 394–397, 415, 418.

residence fire. Accelerated judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Landman, Hathaway, Latimer, Clink & Robb* (by *David E. Leigh),* for plaintiffs.

*Murchie, Calcutt & Sondee* (by *John P. Racine, Jr.),* for defendant.

Before: R. B. BURNS, P. J., and QUINN and BEASLEY, JJ.

QUINN, J. The trial judge granted defendants' motion for accelerated judgment on the basis of res judicata and judgment for defendants entered. Plaintiff appeals on two issues stated as:

"1. Is the defendant precluded from pleading res judicata because of his failure to move for joinder of claims, as required by GCR 203.1?

"2. Is the judgment in favor of the defendant in the previously tried wrongful death action brought by Linda Hawkins, as administratrix of the estate of her deceased son, conclusive as to the issue of the defendant's liability in the present property damage action by the subrogee of Richard and Linda Hawkins?"

In 1965, defendants built a home which they sold to Richard and Linda Hawkins October 30, 1969. January 25, 1973, a fire occurred in this home causing extensive damage and the death of the Hawkins' son. As Hawkins' insurer, plaintiff paid the fire loss to the home and contents.

December 20, 1974, Linda Hawkins, as administratrix of her son's estate, brought a wrongful death action against defendants on the basis of negligence or express and implied warranty. January 29, 1975, plaintiff filed the present action as subrogee of the Hawkins' to recover the insurance

paid to Hawkins on the same theories employed in the wrongful death action.

August 25, 1975, defendants moved to consolidate the two actions under GCR 1963, 505.1. Plaintiff did not object to the motion but Hawkins opposed it claiming that the presence of the insurance company in the wrongful death action jury trial would prejudice the case, and that the jury might be confused by defendants' defense of contributory negligence, which was not applicable in the wrongful death action. Hawkins did indicate that consolidation would not be opposed if defendants withdrew the jury demand. Consolidation was denied and the wrongful death case was tried. The jury found for defendants.

March 29, 1976, defendants moved for accelerated judgment in the case now before us on the basis that judgment in their favor in the wrongful death case barred this action on the theory of res judicata. This motion was granted and judgment for defendants entered.

Plaintiff first argues that defendants are precluded from asserting res judicata because they failed to object to the nonjoinder of plaintiff's action with the wrongful death action, citing GCR 1963, 203.1. We reject the argument. The rule relied on has no application to the situation in this case. Hawkins had a claim against defendants and plaintiff had a separate claim against them. Joinder is not the means of combining the actions; it is consolidation which defendants attempted.

*Howell v Vito's Trucking Co,* 386 Mich 37; 191 NW2d 313 (1971), requires reversal, however. Res judicata is not applicable on these facts.

Reversed and remanded with costs to plaintiff.